IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 25-MJ-8226-GCS |
| | ) | |
| TAYLOR FLORES, | ) | Title 18 |
| | ) | United       States       Code, |
| Defendant. | ) | Section  2422(b) |
| | ) | |

## CRIMINAL COMPLAINT

I, Paul Carbini, Special Agent with the Federal Bureau of Investigations, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## COUNT 1
### ATTEMPT ENTICEMENT OF A MINOR

On or about August 22, 2025, in Saint Clair County, Illinois, and elsewhere, within the Southern District of Illinois,

## TAYLOR FLORES,

defendant herein, did use a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, namely, 720 ILCS 5/11-1.60(d) (Aggravated Criminal Sexual Abuse), in violation of 18 United States Code, Section 2422(b).

## AFFIDAVIT

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been employed in this capacity since December 2022. I am currently assigned to a squad in the Fairview Heights Resident Agency of the Springfield Division that investigates a wide variety of federal crimes, including violent crimes against children.

2. I have investigated and assisted in the investigation of criminal matters involving the sexual exploitation of children that constituted violations of Title 18, United States Code, Sections 2251, 2252, 2252A, 2422, and 2423.  In connection with such investigations, I have served as case agent, have been the affiant for search warrants, and I have conducted interviews of defendants and witnesses.  As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

3. The statements contained in this affidavit are based on my personal knowledge as well as on information provided to me by other law enforcement officers.  This affidavit is being submitted for the limited purpose of securing a criminal complaint and an arrest warrant, and I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to believe that Defendant committed violations of Title 18, United States Code, Section 2422(b).

4. In August of 2025, agents from the Federal Bureau of Investigation, along with various state and federal law enforcement agencies, conducted an undercover investigation targeting subjects who were attempting to engage in sexual activity with minors.

5. During that time, an FBI Online Covert Employee ("OCE") was conducting an undercover investigation on an online dating platform.

6. On August 22, 2025, an individual who used the username "Skinny Dip?", who was later identified Taylor Flores (hereinafter "Defendant"), initiated conversations with OCE through an online dating platform.

7. During the course of the communications, the OCE identified themselves as a 14-year-old minor.

8. During the course of the conversation, the following exchange occurred:

Defendant: You're only 14?

OCE: Yes, 2011 remember?

OCE: I get it, u don't have to come over

Defendant: Do you have pubic hair?

OCE: Yes, some. Shud I not? Lol

Defendant: I was just wondering. What size shoe do you wear?

OCE: 9

OCE: Im not super hairy, but I have pubic hair

Defendant: I'm so nervous

…

Defendant: Could I play with your butt? Is your mom gone?

OCE: Yeah she left like 20 min ago

OCE: Play with my butt how?

Defendant: Put my face in it. And lick it

…

Defendant: I can come

OCE: U seem like u don't want to

Defendant: Just cause you're 14. I bet you are so adorable. We don't have to do anything sexual the first time? Just meet?

…

Defendant: I'm heading there now

…

Defendant: Getting off 159

…

Defendant: I mean-we could just like meet? Nothing wrong with that. Just say hi

Defendant: We just both are nervous. Only natural

…

Defendant: Are you nervous about me coming over? I am like older. I just think you're so cute

…

Defendant: Dude if she found out… I could go to prison. And it's only natural to be nervous. Could you please just like try to keep it a secret

….

Defendant: Is it okay if we don't do anal? I don't have condoms lol

….

Defendant: Okay I'm here

9. During the exchange, Defendant indicated his interest in a sexual encounter with the purported minor.

10. On August 22, 2025, Agents of the FBI and other members of law enforcement conducted an operation in which Defendant believed he would be meeting a 14-year-old minor at an apartment in Saint Clair County for a sexual encounter.

11. On August 22, 2025, Defendant arrived at the Saint Clair County location provided by the OCE as the purported minor's location. Defendant parked his vehicle at the directed location for several minutes. Defendant then began to drive to the adjoining street at which time a traffic stop was conducted. Agents made contact with Defendant and he was taken into custody.

12. Defendant was interviewed at FBI-Fairview Heights. Prior to being asked any questions, Defendant was read his constitutional advice of rights, to which he acknowledged and understood those rights. Defendant acknowledged he communicated with a minor, that the communications were discussing sexual activity, and that he knew it was illegal.

13. When agents of the FBI took Defendant into custody, he had a cellular phone on his person. Defendant gave consent to search his cellular phone.

14. The OCE called the phone number used to communicate with "Skinny Dip?" and Defendant's cellular phone displayed the incoming call.

## **CONCLUSION**

15. Based on the foregoing, I submit that there is probable cause to believe that Defendant violated 18 U.S.C Sections §2422(b), as detailed above.

FURTHER AFFIANT SAY NAUGHT.

Paul Carbini
Special Agent
Federal Bureau of Investigation

STEVEN D. WEINHOEFT
UNITED STATES ATTORNEY

Alexandria Burns
Assistant United States Attorney


Attested to by the affiant in accordance with the requirements of Fed. R. Crim. P. 4.1 by electronic means on August 23, 2025.

Gilbert C Sison  Digitally signed by Gilbert C Sison
Date: 2025.08.23 15:51:02 -05'00'

HON. GILBERT C. SISON
United States Magistrate Judge